**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RAYMOND BENKOVICH and LINDA BENKOVICH, wife, per quod,** | Civ. No. 2:15-cv-7806 (WJM) |
| **Plaintiffs,** | |
| **v.** | **OPINION** |
| **GORILLA, INC. and CABELA'S WHOLESALE, INC.,** | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Raymond Benkovich and his wife, Linda Benkovich, bring this action against Defendants Gorilla, Inc. and Cabela's Wholesale, Inc., alleging that Defendants violated New Jersey's Product Liability Act in manufacturing and distributing a defective hunting tree stand.[1] This matter comes before the Court upon Defendant Cabela's motion to dismiss the Complaint with prejudice as a sanction for spoliation of material evidence. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Cabela's motion to dismiss is **DENIED**.

## I.    BACKGROUND

The following facts are drawn from the Complaint unless otherwise stated. On November 4, 2014, Raymond Benkovich was hunting in a wooded area of Basking Ridge, NJ, when he fell roughly twenty feet from his tree stand to the forest floor. He is now a paraplegic. Shortly after the fall, officers responded to Mr. Benkovich's 911 call and helped EMTs transfer him to a nearby ambulance. The officers then photographed the area in immediate proximity to the fall and catalogued various pieces of evidence. Although Plaintiff insists that he fell from his model Gorilla tree stand (the "Gorilla stand"), the only stand appearing in the police photographs and tagged by police as evidence was a "Loc-On" tree stand. *See* Def. Mot. Dismiss, Ex. C.

According to the Complaint, Plaintiff was preparing to set up his Gorilla tree stand when he happened upon a Loc-On stand that had been left in a tree by another hunter. Hoping to sell the Loc-On tree stand for a profit, Plaintiff removed the stand and placed it

---

[1] Where there Court refers to "Plaintiff" in the singular, it refers to Raymond Benkovich.

at the base of a different tree from which he planned to hunt. He then climbed the tree, strapped the Gorilla stand around the tree trunk, and fell within seconds of placing himself in the seat. Depo. Raymond Benkovich 166:23-25, 244:23-245:10, Pl. Opp., Ex. C, ECF No. 47-1. According to a report taken later that day, Police retrieved the following items from the scene of the accident: a Loc-On tree stand, a crossbow, binoculars, a hunting knife, a flash light, and a camouflage face mask. *See* Def. Mot. Dismiss, Ex. B. Conspicuously absent from the police report was the Gorilla tree stand that Plaintiff alleges he was using when the injury occurred. Officer Chistopher M. Albanese testified that the Loc-On was the only stand he observed at the scene of the accident. *See* Def. Mot. Dismiss, Ex. D, 33:12-13. According to Plaintiff, the Gorilla stand was retrieved from the wooded area the following day by his friend, Tom Buffalowski. Benkovich Dep. 278:11.[2]

Several months after the accident, Plaintiff sold most or all of his roughly ten tree stands, except for the Gorilla stand. *See* Benkovich Depo. 53:18-20. He believes that he sold the Loc On stand to an unknown buyer on Craigslist. *Id.* Before selling the Loc On stand, Plaintiff removed the police evidence tag and placed the tag on the Gorilla stand. Plaintiff alleges that he did not foresee that someone would care to inspect the Loc On stand, since it was the Gorilla stand which (allegedly) caused his accident. *Id.* at 55:21-24, 279:14-23.

Benkovich and his wife filed the Complaint on October 30, 2015, against the manufacturer of the stand, Gorilla, Inc., and wholesaler Cabela's, Inc., alleging that the fall was caused by a design defect in the clasp mechanism of the "dual claw" tree strap. ECF No. 1.[3] Defendant Cabela's filed the pending motion to dismiss on March 22, 2017. Cabela's argues that Plaintiff spoliated evidence and that dismissal is warranted because Defendant is unable to inspect the Loc On tree stand that it believes Plaintiff was using when he fell. ECF No. 45. Defendant observes from police photographs that the Loc On stand was "an older, 'chain-on' model . . . [with] a rusty chain attached to it." *Id.* ¶ 20. Cabela's suggests that Plaintiff fabricated the story because he knew that Loc On had gone out of business and was thus unlikely to pay a judgment. Def. Mot. Dismiss ¶ 17. Plaintiff, however, notes that Gorilla, Inc., had also entered bankruptcy as of October 28, 2013. Pl. Opp. ¶ 16.[4]

## II.    LEGAL STANDARD

"Spoliation occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or

---

[2] Mr. Buffalowski had passed away by the time Defendant's counsel deposed Plaintiff and learned of Mr. Buffalowksi's existence. *See* Benkovich Dep. 343:12-14.

[3] According to the Complaint, the Gorilla tree stand was a gift to Mr. Benkovich from a friend, who purchased the stand from Cabela's. *See* Benkovich Dep. 127:17-129:24.

[4] Gorilla's insurance carrier has since determined that the suit is not covered by Gorilla's policy and thus moved to withdraw counsel on September 16, 2016. ECF No. 29. The Court granted counsel's motion on November 9, 2016. ECF No. 38.

withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012). District courts have "inherent authority" to impose a variety of sanctions, including dismissal with prejudice, suppression of evidence, making an adverse inference, fines, and fee-shifting. *Mosaid Tech. Inc. v. Samsung Elec. Co., Ltd.*, 348 F.supp.2d 332, 336 (D.N.J. 2004). "[D]ismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Id*. In particular, dismissal with prejudice should be granted only where a party has acted in bad faith. *Bull*, 665 F.3d at 79; *First Sr. Fin. Grp.*, 12-cv-1247, 2014 WL 1327584, at *7 (E.D. Pa. Apr. 3, 2014).

## III. DISCUSSION

The Court's task is to decide whether spoliation occurred, and, if so, what sanction to impose. Finding spoliation requires proof of four factors: "the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012).

The first two factors are met. The Loc On tree stand was "in [Plaintiff's] control" before he sold it on Craigslist in the months following his accident, and the Loc On stand was relevant to Defendant's theory that Plaintiff fell from the Loc On stand, not the Gorilla stand. Had Defendant been given an opportunity to inspect the Loc On stand, it might have uncovered evidence of a defect and produced additional expert testimony to that effect.

To establish the third factor—"actual suppression or withholding"—a party "must prove that evidence was *intentionally* withheld, altered, or destroyed." *First Sr. Fin. Grp., LLC.*, 2014 WL 1327584, at *7 (citing *Bull*, 665 F.3d at 79). The Third Circuit has held that "a finding of bad faith is pivotal to a spoliation determination." *Bull*, 665 F.3d at 79. Although Plaintiff's actions—particularly his decision to remove the evidence tag from the Loc On stand and place it on the Gorilla stand—may raise eyebrows, the Court is unable to conclude at this time that Plaintiff made "a deliberate attempt to impede a potential defense." *MicJan v. Wal-Mart Stores, Inc.*, Civ. No. 14-855, 2016 WL 738052, *10 (W.D. Pa. 2016). Plaintiff has explained that he sold most of his hunting equipment because he no longer planned to hunt following his accident, and he needed cash. As the record stands, the Court cannot say there exists "no plausible explanation" for non-production other than bad faith. *Bull*, 665 F.3d at 80.

Finally, evidence that is considered relevant by a defense counsel in a products liability action may not have seemed relevant to a lay person in the aftermath of a catastrophic injury. Defendant's claim that Mr. Benkovich discarded the Loc On tree stand because it would have "undermine[d] his product liability claims" reflects an underlying assumption that Benkovich is misrepresenting which tree stand he was using. That determination of credibility cannot be made at this time.

Cabela's is not without the ability to defend itself. It may enlist an expert to inspect the Gorilla tree stand and testify that it is not defective. *See Trip v. Ford Motor Co.*, No. Civ. A. 95-2261, 1996 WL 377122 at *4 (W.D. Pa. July 3, 1996). It may also challenge Plaintiff's credibility at trial in order to advance its position that the Loc On tree stand was responsible for the accident. *See Micjan*, 2016 WL 738052 at *10. Accordingly, even if the Court found spoliation, it is not clear that prejudice is so severe as to warrant dismissal. *See, e.g.*, *Klett v. Green*, No. 3:10-CV-02091, 2012 WL 2476368, at *11 (D.N.J. June 27, 2012) (quoting *Mosaid Techs.*, 348 F.Supp.2d at 335)(dismissal with prejudice "should only be imposed in the most extraordinary of circumstances.").

Cabela's may move again for sanctions if it establishes spoliation during the course of trial. If spoliation is found, the Court may impose a sanction short of dismissal, including an adverse inference or spoliation instruction. A spoliation instruction would "inform [the jury] that it may 'receive the fact of the [tree stand's] nonproduction . . . as evidence that [Plaintiff] prevented production . . . out of the well-founded fear that the [evidence] would harm him." *See Arteria Property Pty Ltd. V. Universal Funding V.T.O., Inc.*, 2008 WL 4513696, *3 (D.N.J. 2008). At this time, however, finding spoliation would be premature.


## IV.    CONCLUSION

For the reasons stated above, Cabela's motion to dismiss the Complaint as a sanction for spoliation of material evidence is **DENIED**.


    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**September 12, 2017**